AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN  District of  NEW YORK

TRUSTEES OF THE 1199SEIU NATIONAL BENEFIT FUND,

V.

JEAN LEOPOLD MERILAN as Administrator of the Estate of MARIE S. DORLUSCA and ALAN CHORNE, ESQ.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08-CIV-cv-4473

TO: (Name and address of Defendant)

Jean L. Merilan
995 Eastern Parkway
Brooklyn, NY 11213

Alan Chorne, Esq.
150 Broadway
New York, NY 10038

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Suzanne A. Metzger
Associate Counsel
1199SEIU National Benefit Fund
Legal Department
330 W. 42nd Street, 31st Floor
New York, NY 10036

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    MAY 12 2008

CLERK                                  DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
                          *Date*                           *Signature of Server*

                                                   _____
                                                                   *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE
EMPLOYEES,

          Plaintiff,

          -against-

JEAN LEOPOLD MERILAN, Administrator
Of the ESTATE of MARIE S. DORLUSACA,
and ALAN CHORNE, ESQ.

          Defendants.
-----------------------------------------------------------x

08 cv 4473 (  )

**COMPLAINT**

Plaintiff, the Trustees of the 1199SEIU National Benefit Fund for Health and Human Service Care Employees (the "Fund" or "Plaintiff"), pleads as follows:

1.     This action seeks the creation of an equitable constructive trust, and a declaration of rights pursuant to the terms of the Fund's Plan of benefits and equitable relief arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

**PARTIES**

2.     Plaintiff is a fiduciary of the Fund and, as such, is entitled to bring this action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Fund is a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code. The Fund is not an insurance company and is not subject to New York State Insurance

6643-1

law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants medical benefits.

3.  The Fund is not an insurance company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health and related benefit coverage, such as hospitalization, medical and prescription drug coverage. The Fund is a nonprofit tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union and employer appointed trustees.

4.  The Fund provides coverage in accordance with a written Summary Plan Description ("Plan" or "SPD"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms, in the SPD, which is distributed to all participants upon enrollment in the Fund.

5.  As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

6.  Plaintiff administers the Fund's plan from 330 West 42nd Street, New York, NY 10036.

7.  At all times relevant to the underlying state court action, *Merilan v. The New York Methodist Hospital et. al.*, Index No. 12357/2004), in the Kings County Supreme Court, Marie Dorlusca ("Ms. Dorlusca") was a participant of the Fund, due to collective bargaining agreements between her employer and the Union that provided for health benefits through the Fund.

8.  Because Ms. Dorlusca has passed away since her state court cause of action arose, Defendant Jean Leopold Merilan ("Defendant Merilan"), as the administrator of her estate, is suing various defendants on behalf Ms. Dorlusca, and is therefore subject to the terms of the SPD insofar as Ms. Dorlusca was subject to the terms of the SPD.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to its general equity jurisdiction because this action for equitable restitution and the creation of a constructive trust is in equity.

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132 because this action to enforce provisions of the Fund's Summary Plan Description and Plan arises under ERISA. Under 28 U.S.C. § 1167, the Court has supplemental jurisdiction over any state claims that arise hereunder if such claims form part of the same case or controversy.

11. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as the Fund's offices are located in New York County.

## FACTUAL ALLEGATIONS

12. The Fund is a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code. The Fund is not an insurance company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health and related benefit coverage, such as hospitalization, medical and prescription drug coverage.

13. The Fund is an employee welfare benefit plan and a multi-employer plan. It is a nonprofit tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union and employer appointed trustees.

14. The Fund provides coverage in accordance with a written Summary Plan Description ("SPD" or "Plan"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms, in the SPD, which is distributed to all participants upon enrollment in the Fund.

15. As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

16. The Union is a labor union representing hundreds of thousands of health care workers throughout the northeast.

17. Upon information and belief, Ms. Dorlusca was injured due to alleged medical malpractice in 2003 (the "Malpractice").

18. Ms. Dorlusca was a participant under the terms of the Fund's Plan and Summary Plan Description in effect at the time of the Malpractice.

19. In connection with the injuries suffered by Ms. Dorlusca as a result of the Malpractice, the Fund paid hospital, medical, laboratory and and/or x-ray benefits on behalf of Ms. Dorlusca in the amount of $141,646.05.

20. Sometime after the Malpractice, Defendants initiated a lawsuit or action in Kings County Supreme Court on Ms. Dorlusca's behalf against a third party involved in or in some way connected to the Malpractice.

21. Defendant Merilan, on behalf of the estate of Marie S. Dorlusca ("Ms. Dorlusca"), a former participant in the Fund, retained Defendant Alan Chorne, Esq. to represent the estate in the lawsuit against a third party in the Kings County Supreme Court (*Merilan v. Jaramillo et. al.*, Index No. 30477/2004), arising out of injuries to Ms. Dorlusca from the Malpractice. The underlying state court action was settled in February of 2008.

22. The Plan during the relevant period contained a reimbursement and right of recovery provision, which states in relevant part:

> If someone else is responsible for your illness or injury, for example, because of an accident, you may be able to recover money from that person, their insurance company, an uninsured motorist fund, or no-fault insurance carrier. Expenses, such as disability, hospital, medical, prescription drugs or other services, resulting from such an illness or injury caused by the conduct of a third party, are not covered by this Plan.
>
> However, the Plan Administrator recognizes that often the responsibility for injuries or illness is disputed. Therefore, in certain cases, as a service to you and if you follow the required procedures, the Fund may advance benefit payments to you, or on your behalf, before the dispute is resolved.
>
> When another party is responsible for an illness or injury, the Plan Administrator has rights to recover the full amount it has paid or will pay related to any claims, which you may have against any person or entity. This means you are assigning your rights in any recovery to the Fund to the extent of the Fund's payments on your behalf. The Fund's right to recover comes before you can recover...[T]he Fund has an equitable lien on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions. The Fund has a right to be repaid from those proceeds...The Fund has these rights without regard to whether you have been "made-whole."
> ...
> By accepting the Fund's payments, you are consenting to a constructive trust being placed on the amount owed to the Fund out of any proceeds.

SPD, Section I.G, 2003.

23. Pursuant to the Fund's Plan, the Fund has an equitable lien and right to equitable restitution of the $141,646.05 it paid for healthcare benefits in connection with the Malpractice on behalf of Ms. Dorlusca against Defendants' recovery in the state court tort action. Defendants have thus far refused to acknowledge the Fund's lien or provide the Fund with the information necessary to enforce its rights as required by the Plan.

24. The SPD for the Fund states that though expenses incurred by a participant as a result of a third party are not covered benefits, the Fund's payments of those expenses while a dispute is pending are only advances that must be returned to the Fund and states further that the Fund must be reimbursed from any proceeds of any verdict or settlement reached in a lawsuit that is brought by the participant against someone for causing an illness or injury, when the Fund has paid for costs arising from the third party's actions.

25. The Fund was first made aware of a possible lawsuit or action against a third party on behalf of the estate of Ms. Dorlusca on or about December 21, 2007, when the Fund received a request for information from the attorneys for the action's defendants.

26. On January 7, 2008, Ms. Peart's assistant, Tamara Duclosel spoke with Mr. Chorne, and he advised her that he did not intend to honor the Fund's lien, as the Malpractice lawsuit was for wrongful death and he was not seeking medical expenses. Mr. Chorne refused to disclose to the Fund the nature of the lawsuit, i.e. the injuries subject to the lawsuit in so far as they relate to the Fund's benefit payments, so that the Fund could assess its lien accordingly.

27. On February 26, 2008, AnnMarie Peart, Manager of the Fund's Liens Department, called Defendant Chorne, and left a message asking him to return her call. Mr. Chorne did not return her call.

28. On March 17, 2008, Ms. Peart again phoned Mr. Chorne, and the receptionist/answering service told her he was not available; she left a voicemail but no one returned her call.

29. On April 7, 2008, Ms. Peart again phoned Mr. Chorne and the receptionist/answering service told her he was not available; she forwarded her to his voicemail and Ms. Peart again left a message. He did not return her call.

30. On April 24, 2008, the Fund obtained from the Kings County Supreme Court a copy of the Malpractice lawsuit's summons and complaint. The Malpractice complaint alleges damages for personal injuries and medical malpractice. The complaint only alleges damages on behalf of others insofar as Defendant Merilan "became responsible for the expenses of decedent's funeral and decedent's medical treatment and expenses..."

31. On April 28, 2008, Suzanne Metzger, Associate Counsel for the Fund, wrote a letter to Defendant Chorne via overnight delivery explaining the Fund's right to assert a lien, including statutory references and relevant portions of the SPD.

32. On May 7, 2008, Mr. Chorne left a message with Suzanne Metzger that he intended to argue before the Surrogate's Court that the Fund was not entitled to its lien, and demanded that "her people stop calling him."

33. On May 8, 2008, Ms. Peart called Mr. Chorne to ask him to provide the Fund with the Bill of Particulars and the amount of the settlement so that the Fund could assess its lien accordingly, as required by the Plan, and he responded "I'm not telling you anything," and notified me that he would be "filing court papers [against] the Fund's lien."

34. Thereafter, the Fund initiated the instant action.

35.     Unless relief is granted, Defendants may receive and disburse the proceeds of a recovery from the settlement concerning Malpractice suit on behalf of Ms. Dorlusca in violation of the terms of the Plan before a final determination of the Fund's right to reimbursement is made by this Court.

36.     No prior application has been made for the relief requested herein.

### ENFORCEMENT OF THE TERMS OF THE PLAN

37.     Plaintiff alleges paragraphs 1 through 36 as if stated herein.

38.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks relief, including, but not limited to, an order of constructive trust, and equitable restitution, or such other remedy as may be necessary to enforce ERISA and the terms of the Plan.

39.     Pursuant to 28 U.S.C. § 2201, this Court should interpret and enforce the terms of the Plan by declaring the Fund's right to have its lien enforced under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

40.     Plaintiff alleges paragraphs 1 through 39 as if stated herein.

41.     Pursuant to Fed. R. Civ. P. 65, upon notice and hearing, Plaintiff is entitled to a temporary restraining order and a preliminary injunction enjoining Defendants, and all those acting in concert or participating with them, from continuing to violate the terms of the Plan and from doing so in the future, including disposing, releasing or disbursing of any amounts received in relation to the settlement concerning the Malpractice.

42.     Plaintiff has no adequate remedy at law.

43.     Absent intervention by the Court, Plaintiff will suffer immediate and irreparable harm. If Defendants are able to place any recovery from the lawsuit, action, judgment or

settlement beyond the reach of this Court, then Defendants may deprive the Court of the ability to impose any meaningful remedy in favor of the Fund.

44. The Plaintiff is likely to succeed in its claim that the Fund must be reimbursed for the amounts it has paid attributable to the Malpractice out of the proceeds of any recovery in the lawsuit, judgment or settlement. At a minimum, the balance of hardships tips decidedly toward Plaintiff, because the Plaintiff already advanced over forty thousand dollars of benefits to Defendant.

45. The grant of the requested relief will not result in irreparable harm to the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter an order:

A. Granting a temporary restraining order and preliminary injunction enjoining Defendants, and pursuant to Fed. R. Civ. P. 65(d), their agents and all those acting in concert or participating with them from dispensing of the settlement funds recovered in the underlying case and from violating the terms of the Plan and ERISA; i.e., pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and *MidAtlantic Services v. Sereboff,* 547 U.S. 356, 126 S. Ct. 1869 (2006), directing Defendant Chorne to hold proceeds from the underlying case in trust, up to the amount of $141,646.05, until this Court rules on the merits of the instant Complaint. In the alternative, if Defendant Chorne has already received and disbursed the funds, Plaintiff is requesting from the Court relief, including, but not limited to, a temporary restraining order and a preliminary injunction ordering Defendant Merilan to retain and set aside up to $141,646.05 of the recovery in a separate account until this Court rules on the merits of the instant Complaint.

B.	For the imposition of a constructive trust, specific performance, restitution and such other relief as may be appropriate against all Defendants to assure that the Fund is reimbursed for any and all amounts it paid in connection with medical related services rendered as a result of the Malpractice committed against Ms. Dorlusca, out of any recovery, whether by settlement with, or receipt of a court award against, a third party in a any action or lawsuit;

C.	Declaring the Fund's rights under the Plan Third Party Liability provisions in accordance with ERISA and the terms of the Plan;

D.	Awarding Plaintiff's attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

E.	Granting such other and further relief as the Court may deem just and proper under the circumstances.

DATED:	May 12, 2008

1199SEIU National Benefit Fund

By: *[signature]*

Suzanne A. Metzger (SM7894)
Associate Counsel
1199SEIU National Benefit Fund
330 West 42nd Street, 31st Floor
New York, NY 10036
p (646) 473-6041
f (646) 473-6049

Attorney for Plaintiff